**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-754C
(Filed: October 23, 2015)
NOT FOR PUBLICATION

**FILED**
OCT 2 3 2015
U.S. COURT OF
FEDERAL CLAIMS

| | )  |
|---|---|
| SYLVIA ROLLE, | ) |
| | ) |
| *Pro Se* Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

**FIRESTONE**, *Judge*.

On July 16, 2015, pro se plaintiff Sylvia Rolle filed this action against the "President of the United States," the "Vice President of the United States," and "Lobbyist Jamal Bryant" seeking an unspecified amount of damages.[1] Ms. Rolle paid the required filing fee to commence this action. In her forty-one-page handwritten complaint, Ms. Rolle identifies a litany of claims against the named parties. Although the complaint is not fully comprehensible, Ms. Rolle appears to allege that the President, the Vice

---

[1] Because the only proper defendant for any matter before this court is the United States, the court has construed the claims against the President and the Vice President of the United States as claims against the United States. The court does not have jurisdiction over the private named defendant, Mr. Byrant.

President, and Mr. Bryant violated federal election campaign financing laws and committed identify theft by using Ms. Rolle's social security number. See Compl. 2. Ms. Rolle also alleges a number of other criminal law violations or tort claims, including, for example, false arrest, human trafficking, and genital mutilation. See id. at 8-14.

On August 17, 2015, defendant United States ("the government") filed a motion to dismiss the complaint under Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") for lack of subject matter jurisdiction. The government argues that Ms. Rolle fails to identify a money-mandating statute or regulation that could provide this court with jurisdiction to hear any of the claims Mr. Rolle identifies in her complaint.

Ms. Rolle filed a response on September 16, 2015, stating that this court has jurisdiction because "[t]he defendant Jamal Byrant sold [Ms. Rolle's] house to the United States government . . . [and f]unds are kept in the Federal Reserve Bank." Pl.'s Resp. 1.[2] She thus argues that jurisdiction over her case is based on the Fifth Amendment's Takings Clause. See id. at 2. Ms. Rolle also reiterates in her response a variety of tort claims. See id. at 3-4, 10-11, 18-21. In an attempt to show that the court has jurisdiction she also mentions social security payments and federal tax payments. See id. at 7. Ms. Rolle does not, however, attempt to tie these payments to her claims for relief or explain how these payments support a finding of jurisdiction.[3]

---

[2] In her response, Ms. Rolle variously identifies Mr. Bryant as a lobbyist, a federal employee, and a member of the clergy. See, e.g., Pl.'s Resp. 15-16.

[3] On October 15, 2015, the court granted Ms. Rolle's request to resolve her case on an expedited schedule.

2

It is well-settled that plaintiffs have the burden of establishing the court's subject matter jurisdiction by a preponderance of the evidence. See, e.g., Estes Express Lines v. United States, 739 F.3d 689, 692 (Fed. Cir. 2014) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)). Although pro se plaintiffs are held to less stringent pleading standards, they must still demonstrate that the court has jurisdiction to hear their claim. See Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014) (citation omitted); Mora v. United States, 118 Fed. Cl. 713, 715 (2014) (citation omitted).

In this case, giving Ms. Rolle's complaint the most generous reading, there is no plausible basis for finding jurisdiction in this court. The alleged sale of Ms. Rolle's house by Mr. Bryant to the United States does not set forth a takings claim against the United States. In addition, Ms. Rolle has not shown how any of the laws or regulations described in her complaint and response might support jurisdiction over her claims because she has not identified any link between those provisions and her claims for relief. Finally, this court does not have jurisdiction over Ms. Rolle's claims based on alleged criminal violations or her claims sounding in tort. See 28 U.S.C. § 1491(a).[4] Thus, she

---

[4] "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States." 28 U.S.C. § 1491(a)(1).

has not met her burden of proving that this court has jurisdiction to hear the claims in her complaint.

Accordingly, the government's motion to dismiss under RCFC 12(b)(1) is **GRANTED**.[5] The Clerk is directed to **DISMISS** the complaint. No costs.

**IT IS SO ORDERED.**

*/s/ Nancy B. Firestone*
NANCY B. FIRESTONE
Judge

---

[5] Having concluded that the court lacks jurisdiction to hear Ms. Rolle's case, the court does not reach the government's alternative grounds for dismissal under RCFC 12(b)(6) for failure to state a claim.